# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ASI LLOYDS** | * | **CIVIL ACTION** |
| | * | **NO.** |
| **VERSUS** | * | |
| | * | **MAG.    DIV.** |
| **MICHAEL LYTELL AND** | * | |
| **ANNGELLE SAVOIE** | * | **JUDGE:** |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Petitioner, ASI Lloyds, who for declaratory relief as to the rights of the parties stated herein, would represent as follows:

1.

Petitioner, ASI Lloyds, is a foreign insurer and citizen of the State of Texas, incorporated therein and with its principal place of business in Dallas, Texas.   (See Certificates of Incorporation and  Authority, attached *in globo* as Exhibit "A").

2.

Made defendants herein are:

    a.   Michael J. Lytell, a resident of the Parish of St. Tammany or of Jefferson Parish, State of Louisiana and a citizen of the State of Louisiana; and

    b.   Anngelle Savoie, a resident of St. Tammany Parish or of Jefferson Parish, State of Louisiana and a citizen of the State of Louisiana.

3.

This declaratory judgment action is brought pursuant to 28 U.S.C. Sec. 2201 and Fed. R. Civ. Proc. 57.

4.

Subject matter jurisdiction exists pursuant to 28 U.S.C. Sec. 1332 because there is complete diversity of citizenship between Petitioner as a citizen of the State of Texas and Defendants as citizens of the State of Louisiana, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.

Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391 because Defendants reside within this district or alternatively because a substantial portion of the events giving rise to the controversy described herein occurred in St. Tammany Parish within this district.

6.

An actual controversy exists in that the Defendant insureds have asserted in a claim that they are entitled to insurance proceeds pursuant to their homeowners policy, while ASI Lloyds maintains that no coverage exists for Defendants' claims as they failed to comply with the policy's preconditions to coverage and their losses are thereby excluded from coverage.

7.

ASI Lloyds issued a homeowners insurance policy to Michael J. Lytell and Anngelle Savoie bearing Policy No. LAL22466 and effective 10/20/09 through 10/20/10. (Attached as Exhibit "B"). The Policy and its endorsements are pleaded herein as though copied *in extenso*.

8.

This policy provided Defendants with insurance coverage against certain potential damages relating to the residence located at 125 Pine Avenue, Madisonville, Louisiana 70447.

2

The policy provides dwelling coverage in the amount of $237,000.00 and personal property coverage in the amount of $118,500.00.

9.

Defendants purchased the Madisonville property in October of 2009, but the property was vacant and unoccupied at the time of loss.  Neither Defendant had ever moved into the residence or spent a single night in the residence.

10.

In January 2010, probably during the period of January 9 through 12, 2010, Louisiana experienced an unusually severe and extended period of below-freezing temperatures. Defendants assert that during this period, a pipe leading to the water heater located in the attic of the insured residence burst due to the freeze and water proceeded to leak into the residence unabated during the course of the next ten to fourteen days, severely damaging the residence. Upon information and belief, the damages at issue exceed $75,000.00, exclusive of interest and costs.

11.

Specifically, Policy LAL22466 provides:

**SECTION I – PERILS INSURED AGAINST**
**A.**      **Coverage A – Dwelling and Coverage B – Other Structures**
    **1.**   We insure against risk of direct physical loss to property described in Coverages **A** and **B**.
    **2.**   We do not insure, however, for loss:
        **a.** Excluded Under Section **I** – Exclusions;
        **b.** Involving collapse, except as provided in **E.8.**
            Collapse under Section **I** – Property Coverages; or

3

**c.** Caused by:

    **(1)** Freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This provision does not apply if you have used reasonable care to:

        **(a)** Maintain heat in the building; or

        **(b)** Shut off the water supply and drain all systems and appliances of water.

            However, if the building is protected by an automatic fire protective sprinkler system, you must use reasonable care to continue the water supply and maintain heat in the building for coverage to apply.

            For purposes of this provision a plumbing system or household appliance does not include a sump, sump pump or related equipment or a roof drain, gutter, downspout or similar fixtures or equipment;

\* \* \*

**B.**    **Coverage C – Personal Property**

We insure for direct physical loss to the property described in Coverage **C** caused by any of the following perils unless the loss is excluded in Section **I** – Exclusions.

\* \* \*

**14. Freezing**

    **a.** This peril means freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance but only if you have used reasonable care to:

        (1) Maintain heat in the building; or

        (2) Shut off the water supply and drain all systems and appliances of water.

4

12.

Defendants did not shut off the water supply to the residence and drain all systems and appliances of water.

13.

Defendants did not maintain heat in the residence. The heater within the residence was not in use at the time of the event.

14.

Coverage for the Defendants' claims is unambiguously excluded pursuant to their policy under the facts.   ASI Lloyds seeks a declaratory judgment that the policy does not provide coverage for any of the claims asserted by Defendants and that the policy at issue does not provide coverage for the losses sustained by Defendants.

**WHEREFORE**, ASI Lloyds prays that Defendants, Michael J. Lytell and Anngelle Savoie, be cited to appear and answer this Complaint for Declaratory Judgment within the delays fixed by law and that after due proceedings are had, there be judgment rendered in favor of ASI Lloyds declaring that the incident which occurred on or about January 10, 2010 and/or any resulting damages and/or claims asserted by or on behalf of Defendants is not covered by their policy, and for all other general and equitable relief reasonable in the premises.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD
   & KUTCHER, LLP**

By: _____
    **JASON P. FOOTE (#25050) T.A.
    CHAD J. LANDRY (#32542)**
    Two Lakeway Center – Suite 900
    3850 North Causeway Boulevard
    Metairie, Louisiana 70002
    Telephone:  (504) 830-3827
    Telefax:  (504) 836-9579
    *Attorneys for Petitioner, ASI Lloyds Insurance
    Company*

6